**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 15, 2011

Lyle W. Cayce
Clerk

No. 09-50317
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID WAYNE GARLAND,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:08-CR-149-4

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

David Wayne Garland appeals the 151-month prison term imposed on his guilty plea conviction for conspiring to possess with intent to distribute and distributing crack cocaine. *See* 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C). Garland contends that his sentence was unreasonable and that the district court erred by not explaining why it rejected his request for a below-guidelines sentence and instead selected the sentence it did.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-50317

Appellate courts are to review sentences for reasonableness in light of the sentencing factors set forth in 18 U.S.C. § 3553(a). *Gall v. United States*, 552 U.S. 38, 46, 49-50 (2007). Ordinarily, an appellate court reviewing for reasonableness "merely asks whether the trial court abused its discretion." *Rita v. United States*, 551 U.S. 338, 351 (2007). "Reasonableness review is bifurcated. *Gall*, 552 U.S. at 51. The appellate court must first decide whether the district court committed any procedural errors, "such as failing to calculate (or improperly calculating) the Guidelines range [or] failing to consider the § 3553(a) factors." *Id.* If the sentence is procedurally sound, the appellate court next considers "the substantive reasonableness of the sentence." *Id.*

Although Garland moved for a sentence below the guidelines range, he did not object that the district court had failed to explain the sentence, nor did he otherwise alert the district court to any objections to the sentence. Therefore, the usual abuse of discretion standard does not apply, and Garland's claims of error must instead be reviewed using the plain error standard. *See United States v. Mondragon-Santiago*, 564 F.3d. 357, 361 (5th Cir. 2009). To succeed, Garland must at least satisfy the first three of the plain error standard's four prongs—i.e., he must demonstrate that the district court committed (1) an error (2) that was clear or obvious and (3) that affected his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

Garland cannot prevail on his claim that the district court failed to explain his sentence. "[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Rita*, 551 U.S. at 356. In the instant case, the district court adopted the presentence investigation report and accepted the guidelines sentencing range calculation set forth therein, thus implicitly accepting the probation officer's assessment that no mitigating factors existed to support a downward departure. Additionally, because Garland's sentence is "within a properly calculated Guideline range," an inference arises that the district court considered "all the factors for a fair

2

sentence set forth in the Guidelines." *See United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). But we need not decide whether the district court "set forth enough to satisfy [us] that [it] considered the parties' arguments and [had] a reasoned basis for exercising [its] own legal decisionmaking authority." *Id.* Even assuming that Garland has shown that the district court committed an error that was clear or obvious, he has failed to show that the purported error affected his substantial rights, i.e., that it affected the outcome of the case; he makes no attempt to show that further explanation would have resulted in a lesser sentence. *See Puckett*, 129 S. Ct. at 1429; *Mondragon-Santiago*, 564 F.3d at 364. Therefore, Garland is not entitled to relief on this claim on plain error review.

Nor does he succeed on his claim of substantive unreasonableness. Being within the properly calculated guidelines range, Garland's sentence is entitled to a presumption of reasonableness. *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *see also Rita*, 551 U.S. at 347. Garland advances no persuasive reason to disturb the sentence selected by the district court. *See Gall*, 552 U.S. at 51. Even if we were to conclude that a different sentence were a reasonable sentence for Garland, that would be "insufficient to justify reversal of the district court." *Id.*; *see also United States v. York*, 600 F.3d 347, 361-62 (5th Cir.), *cert. denied*, 131 S. Ct. 185 (2010).

AFFIRMED.